Dear Mr. Ourso, Jr.:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Iberville Parish Council, you have asked for our opinion on a matter concerning Louisiana's Public Bid Law.
Your request indicates that the Iberville Parish Council is planning to construct a wastewater treatment facility known as the Choctaw Wastewater Treatment Facility. You have attached a copy of the bid form to be used on the project. Specifically, you have asked us to review Section III, Selected Equipment/Supplier ItemsSchedule ("Section III") of the Bid Form to ascertain if this Section complies with the Public Bid Law.
From our review of the Bid Form, Section III appears to be listing of equipment to be incorporated into the Choctaw Wastewater Treatment Facility. The listing includes the name of a specific brand or manufacturer for each piece of equipment listed. Section III also contains blank spaces for prospective bidders to submit a substitute brand or manufacturer for each piece of equipment listed.
Louisiana's Public Bid Law has always been very clear on the requirement of open specifications. See R.S. 38:2212.1 (C). An open specification requires that the public entity must not arbitrarily exclude products which are functionally equivalent to the one described in the specifications. The specification may refer to a brand name and model number to indicate general quality and character of product sought, but must also clearly state that products of similar quality and character will be acceptable.
La.Rev.Stat. 38:2212.1 (C) provides the following with respect to an open specification:
 C. (1) Whenever a public entity desires to purchase technical equipment, apparatus, machinery, materials, or supplies of a certain type and such *Page 2 
purchases are clearly in the public interest, the public entity may specify a particular brand, make, or manufacturer in the specifications let out for public bid as provided by this Part. If a particular brand, make, or manufacturer is specified, the model or catalog number also shall be specified.
 (2) Wherever in specifications the name of a certain brand, make, manufacturer, or definite specification is utilized, the specifications shall state clearly that they are used only to denote the quality standard of product desired and that they do not restrict bidders to the specific brand, make, manufacturer, or specification named; that they are used only to set forth and convey to prospective bidders the general style, type, character, and quality of product desired; and that equivalent products will be acceptable.
In our view, Section III of the Bid Form allows for the substitution of a product equivalent to the one specified. In addition, upon further review of the Bid Form we note that Section I, A (3) of the Bid Form specifically allows for the substitution of equivalents. Section I, A (3) provides, in pertinent part, the following:
 "3. Substitute Equipment/Suppliers named in the Bid Form will generally be deemed equivalent, provided the `equivalent' product is equivalent to or better than the product named or described in the Specifications in form, function, performance, reliability, quality, and general configuration . . ."
As such, it is our opinion that the language contained in Section III is acceptable. The language of Section III does not amount to a closed specification and thus is not prohibited by Louisiana's Public Bid Law. We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _____________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt